## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN F.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 25–cv–01125–ESK<br><br>OPINION AND ORDER |

    **THIS MATTER** having come before the Court on the motion to dismiss of defendant Leland Dudek as Acting Commissioner of Social Security (ECF No. 4)[2]; and the Court finding:

    1.    Plaintiff filed an application for disability insurance benefits on April 14, 2021, which was denied on March 22, 2022 and again on reconsideration on July 9, 2022. (ECF No. 5–1 p. 8.)[3] Plaintiff requested a hearing on September

---

[1] Plaintiff is referred to by his first name and last initial consistent with D.N.J. Standing Order 2021–10.

[2] After the motion was filed, Frank Bisignano was sworn in as Commissioner of Social Security. *See* Press Release, Financial Services Industry Leader Frank Bisignano to be the 18th Commissioner of Social Security (May 7, 2025) (https://www.ssa.gov/news/press/releases/2025/#2025-05-07). Commissioner Bisignano is therefore automatically substituted in as defendant. *See* Fed. R. Civ. P. 25(d); *Joao S. v. Dudek*, Case No. 24–04562, 2025 WL 914324, at *1 n.1 (D.N.J. Mar. 26, 2025). In any event, I use the general term "defendant" here.

[3] Courts generally may not consider materials extraneous to the pleadings in ruling on a motion to dismiss except "where a document is 'integral to or explicitly relied upon in the complaint,' it 'may be considered without converting the motion to dismiss into one for summary judgment' under Rule 56." *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)). Defendant includes with his motion a declaration and exhibits including the underlying administrative decision and the Appeals Council's notice of action (ECF No. 5–1), which he asserts I may consider (ECF No. 4 p. 5. n. 2). I agree. *See James S. v. Comm'r of Soc. Sec. Admin.*, Case No. 24–09027, 2025 WL 317532, at *1 n.3 (D.N.J. Jan. 28, 2025) (concluding that the court could consider correspondences between the

26, 2022 and testified at the hearing on May 10, 2023. (*Id.*) The administrative law judge concluded that plaintiff was not disabled in an April 1, 2024 decision. (*Id.* pp. 8–27.)

   2.   The Appeals Council denied plaintiff's request for review on December 4, 2024. (*Id.* pp. 28–33.) The Appeals Council's denial advised plaintiff of his right to file a civil action and set forth the time in which plaintiff could do so: within 60 days with the assumption that plaintiff would receive the notice within five days. (*Id.* p. 29.) Plaintiff was further informed that he could seek an extension from the Appeals Council and that any such request was to be mailed. (*Id.* pp. 29, 30.)

   3.   Plaintiff filed his complaint on February 10, 2025, asserting that it was brought "within 60 days of said adverse decision as required by law." (ECF No. 1.) The accompanying civil cover sheet is also dated February 10, 2025. (ECF No. 1–1.)

   4.   Defendant moved to dismiss on March 20, 2025. (ECF No. 4.) Defendant argues that plaintiff was required to file his complaint no later than February 7, 2025 and thus his February 10, 2025 filing was untimely. (*Id.* p. 8.) No asserted facts support equitable tolling, according to defendant. (*Id.* p. 9.)

   5.   I granted plaintiff's request to extend his deadline to file an opposition. (ECF No. 7.) Plaintiff ultimately filed a two-page letter that does not dispute that the complaint was untimely. (ECF No. 8 pp. 1, 2.) Rather plaintiff requests that the Court exercise its equitable tolling powers in light of unforeseen technological issues that prevented counsel from filing the complaint on February 7, 2025. (*Id.* p. 2.) Plaintiff further rebuts defendant's assertion that no extension was requested from the Appeals Council (*id.* p. 1) and attaches a letter from counsel to the Appeals Council dated February 10, 2025 explaining the supposed technological issue that caused the delay (ECF No. 8–1).

   6.   Prior to the filing of a responsive pleading, a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must provide 'a short and plain statement of

---

plaintiff and the Social Security Administration). The administrative record has not yet been filed in this case, but plaintiff's complaint is premised on the unfavorable administrative rulings submitted by defendant. Notably, plaintiff does not contest defendant's submission of the exhibits, their authenticity, or the accuracy of defendant's related arguments.

the claim showing that the pleader is entitled to relief,'" *Doe*, 30 F.4th at 341 (quoting Fed. R. Civ. P. 8(a)(2)), and—accepting the plaintiff's factual assertions, but not legal conclusions, as true—"'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged,'" *id.* at 342 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

7. Pursuant to 42 U.S.C. §(Section) 405, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days …." 42 U.S.C. § 405(g). The date of receipt of the Appeals Council's notice of denial of request for review is presumed to be five days after the notice date absent a showing to the contrary. 20 C.F.R. § 422.210(c). The 60-day deadline may be extended by the Appeals Council upon a showing of good cause. *Id.*

8. Traditional equitable tolling principles apply to Section 405(g)'s 60-day deadline to file a civil action. *Cardyn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 397 (3d Cir. 2003). Equitable tolling may be applied when a plaintiff misses the filing deadline in three primary scenarios: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Kramer v. Comm'r of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).

9. Under the applicable law, it is clear that plaintiff's complaint was due on February 7, 2025. Plaintiff's opposition contends that an extension was requested from the Appeals Council. But the accompanying letter was not sent until *after* the 60-day period expired and its plain language seeks to explain the complaint's untimeliness rather than request an extension. (ECF No. 8–1.) Unhelpfully, the threadbare opposition provides little argument or authority with which to analyze plaintiff's request to apply equitable tolling, leaving the Court to its own devices.

10. Courts within this District have applied equitable tolling in instances in which technological difficulties have led to untimely complaints. *See McMillan v. Colvin*, Case No. 16–00313, 2017 WL 1903109, at *2–3 (D.N.J. May 8, 2017); *Oliveras v. Colvin*, Case No. 15–08431, 2016 WL 2757974, at *3 (D.N.J. May 12, 2016). In *Oliveras*, for instance, a timely complaint and *in forma pauperis* application were unsuccessfully filed due to an unspecified technological glitch and counsel did not notice the issue and refile until after

3

the 60-day period expired. 2016 WL 2757974, at *1. The court noted that it was unclear whether the delay was attributable to the filing system or counsel's error—the latter itself not grounds for equitable tolling—but concluded that it was clear that there was an intent to file within the deadline and equitable tolling was warranted. *Id.* at *3; *see also Hansen v. Astrue*, Case No. 11–01212, 2012 WL 1551887, at *4 (W.D. Pa. Apr. 30, 2012) (finding that there was no need to conclusively determine whether the error was attributable to counsel or the Clerk's Office and that even if the situation did not fit within three primary scenarios for equitable tolling, it would have been inequitable to hold the plaintiff accountable).

11. The facts here are admittedly weaker. Counsel does not represent that a timely complaint was ever believed to be filed. Little explanation at all is provided in the form of an accompanying declaration or detailed supporting brief. Instead, this appears to be a cautionary tale of the dangers of waiting to the final moment before filing a complaint.

12. At the same time, plaintiff's application to proceed *in forma pauperis* is dated January 26, 2025 (ECF No. 1–2), at which point he could (and should) have reasonably believed that his attorney was filing his complaint in short order. The three-day delay is also de minimis and there is no indication that defendant will be prejudiced by denial. As such, I agree with counsel that any error or lack of diligence should not be used to penalize plaintiff. *See Oliveras*, 2016 WL 2757974, at *3 ("I do not believe that the client should be penalized for this technological error, particularly where the resulting delay was less than one month, and the [Social Security Administration] has not shown any prejudice.").

Accordingly,

        **IT IS** on this **28th** day of **May 2025   ORDERED** that:

1. Defendant's motion (ECF No. 4) is **DENIED**.

        */s/ Edward S. Kiel*
        **EDWARD S. KIEL**
        **UNITED STATES DISTRICT JUDGE**