**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| STEVEN F.,[1]  Plaintiff,  v.  COMMISSIONER OF SOCIAL SECURITY,  Defendant. |

**Case No. 25–cv–01125–ESK**

**OPINION**

**KIEL, U.S.D.J.**

**THIS MATTER** is before the Court on plaintiff Steven F.'s appeal (ECF No. 1 (Compl.)) from the final decision of the Commissioner of the Social Security Administration denying his application for Social Security disability insurance benefits (ECF No. 11–2 (R. Part 3) pp. 13–35).[2]    For the following reasons, the decision will be **AFFIRMED**.

## I.    BACKGROUND

### A.    Procedural History

Plaintiff applied for benefits on April 14, 2021.   (ECF No. 11–3 p. 11.) The application was denied on March 22, 2022 and again on reconsideration on July 6, 2022.   (*Id.* pp. 2–22.)   An administrative law judge held a hearing on May 10, 2023, during which plaintiff and a vocational expert testified.   (R. Part

---

[1] Plaintiff is referred to by his first name and last initial consistent with D.N.J. Standing Order 2021–10.

[2] It is the Court's general practice to label documents that appear multiple times within an opinion: the deposition of a particular party, a letter sent on a particular date, and so on.   The record here is separated into parts, with each part containing multiple documents.   To avoid confusion, the Court will adopt this convention without further specifying the cited document.

3 p. 16, pp. 36–79.)    On April 1, 2024, the administrative law judge issued a decision unfavorable to plaintiff.    (*Id*. pp. 13–35.)    The Appeals Council denied plaintiff's request for review on December 4, 2024, rendering the April 1, 2024 decision the Commissioner's final decision.    (*Id*. pp. 2–4.)

Plaintiff filed the instant complaint on February 10, 2025, challenging the Commissioner's denial of benefits.    (Compl.)    The Commissioner moved to dismiss, asserting that the complaint was untimely.    (ECF No. 4.)    I denied the motion in a May 28, 2025 order, concluding that any error or lack of diligence by counsel should not be used to penalize plaintiff for what was a minimal delay.    (ECF No. 9.)    Plaintiff thereafter filed the administrative record.    (ECF No. 11.)    After another delay resulting in a notice of call for dismissal (ECF No. 12), plaintiff filed the pending brief (ECF No. 13 (Pl.'s Br.)), to which the Commissioner filed an opposition (ECF No. 17 (Comm'r Br.)) and plaintiff replied (ECF No. 18).

### B.    Standard Governing Benefits

Disability insurance benefits are available under the Social Security Act to program contributors who have a disability.    42 U.S.C. §423(a)(1); *Pearson v. Comm'r of Soc. Sec.*, 839 F. App'x 684, 687 (3d Cir. 2020).    The term "disability" includes the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."    42 U.S.C. §423(d)(1)(A). An individual is disabled only if their disability is of such severity that not only can they not engage in their prior line of work, but—considering their age, education, and work experience—they cannot "engage in any other kind of substantial gainful work which exists in the national economy ...." *Id.* §423(d)(2)(A).

2

Administrative law judges follow a five-step sequential process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).  The administrative law judge first determines whether the individual is engaged in substantial gainful activity and—if not—moves to the second step, analysis of the severity of the individual's impairment. *Thomas v. Comm'r Soc. Sec.*, 856 F. App'x 400, 403 (3d Cir. 2021).  Third, the administrative law judge compares the individual's impairment "to a list of impairments 'presumed severe enough to preclude any gainful work.'"  *Id.* (quoting *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)).  If the individual's impairment is not listed, the administrative law judge determines at step four whether they have retained sufficient residual functional capacity to perform past relevant work.  *Id.*  If the individual can perform past relevant work, they are not disabled.  *Id.*  Finally, if the individual cannot return to past relevant work, the administrative law judge determines at the fifth step whether the impairment precludes adjustment to other work.  *Id.*

The burden is on the claimant through the first four steps but shifts to the Commissioner for the fifth step.  *Sisco v. Comm'r Soc. Sec.*, 840 F. App'x 685, 686 (3d Cir. 2020).  The Commissioner must prove that the claimant can adjust to other work.  *See* 20 C.F.R. § 404.1520(a)(4)(v); *Orr v. Comm'r Soc. Sec.*, 805 F. App'x 85, 90 (3d Cir. 2020).  Determination of what type of work an individual is capable of performing may come from a variety of sources, including the Dictionary of Occupational Titles and vocational expert testimony.  *Zirnsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014).

### C.    The Administrative Law Judge Decision

The administrative law judge found that plaintiff had not engaged in substantial gainful activity since November 23, 2019 and last met insured status on December 31, 2021.  (R. Part 3 p.19.)  Plaintiff was found to have several severe impairments including diabetes mellitus with neuropathy,

osteomyelitis of the right ankle and foot, degenerative disc disease, osteoarthritis of the left shoulder, bipolar disorder, post-traumatic stress disorder, and obesity. (*Id.*)  These impairments did not individually or in combination equal an impairment identified in 20 CFR Part 404, Subpart P, Appendix 1.  (*Id.* pp. 19–22.)

Plaintiff was determined to have the residual functional capacity to perform sedentary work with limits including lifting or carrying 10 pounds, standing or walking for two hours and sitting for six hours, occasional use of foot controls, simple and repetitive work with occasional work place changes, and frequent interaction with supervisors with occasional interaction with coworkers and the public.  (*Id.* pp. 22–28.)  Plaintiff was found to be unable to perform past relevant work as a resident care aide.  (*Id.* p. 28.)  Given his age, education, work experience, and residual functional capacity, he was found able to perform several jobs that exist in significant number within the national economy. (*Id.* pp. 28–30.)  These jobs consisted of document preparer; addressing clerk; polisher, eyeglasses; touch up screener; and film touch up inspector.  (*Id.* pp. 29, 29 n. 2.)

## II.   STANDARD OF REVIEW

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Factual findings, "if supported by substantial evidence, shall be conclusive."  *Id.*; *see also Appau v. Comm'r Soc. Sec.*, 847 F. App'x 149, 151 (3d Cir. 2021) ("Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005))).   Review of an administrative law judge's decision "is highly deferential" and "[t]he substantial-evidence threshold 'is not high.'"  *Sisco*, 840 F. App'x at 687 (quoting *Biestek v. Berryhill*, 587 U.S.

97, 103 (2019)). "Substantial evidence 'means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.""" *Id.* (quoting *Biestek*, 587 U.S. at 103).   Courts are bound by an administrative law judge's findings when they are supported by substantial evidence, even if the court would have decided the matter differently.   *See Taylor v. Comm'r Soc. Sec.*, 826 F. App'x 224, 226 (3d Cir. 2020).

## III.  DISCUSSION

### A.    The Final Decision is Supported by Substantial Evidence

A significant portion of plaintiff's argument is dedicated to his position that the evidence did not support the conclusion that he failed to establish impairments that precluded him from substantial gainful activity. Specifically, plaintiff claims that he meets the requirements of Listing 11.14(b)(2) and (4) in that he is limited in interacting with others and adapting or managing himself.   (Pl.'s Br. pp. 28–30.)   Even if plaintiff falls short of the listing, he argues that the administrative law judge erred in evaluating his diabetes mellitus, particularly with respect to his obesity.   (*Id.* pp. 30–33.) The administrative law judge's conclusion that plaintiff could perform substantial gainful activity is surprising, according to plaintiff, given the testimony and medical opinions presented.   (*Id.* p. 36.)[3]

---

[3] Plaintiff also contends that the administrative law judge failed to properly credit his mother's third-party questionnaire and his subjective testimony.   (Pl.'s Br. pp. 31, 32, 35.)   Great weight is accorded to a claimant's subjective testimony when it is supported by medical evidence.   *See O'Connor v. Comm'r Soc. Sec.*, 466 F. App'x 96, 99 (3d Cir. 2012).   The administrative law judge here concluded that plaintiff's testimony demonstrated activities and capabilities beyond those of someone asserting total disability and plaintiff's allegations were not entirely consistent with the evidence.   (R. Part 3 pp. 23, 24.)   The administrative law judge then proceeded to discuss the record with respect to plaintiff's mobility, cognitive ability, and mental health.   (*Id.* pp. 24–28.)   In so doing, the administrative law judge acknowledged the questionnaire completed by plaintiff's mother and noted that its responses were similar to those provided by plaintiff.   (*Id.* p. 24.)   The questionnaires were found to be

The Commissioner maintains that plaintiff is merely dissatisfied with the administrative law judge's analysis and improperly asks the Court to reweigh the evidence. (Comm'r Br. pp. 8, 11, 12.) The administrative law judge's decision need not be elaborate and the administrative law judge discussed the evidence and concluded that plaintiff's statements were inconsistent with the other evidence. (*Id.* pp. 9–11.)

Here, the administrative law judge concluded that plaintiff did not meet the requirements of Listing 11.14 because he did not demonstrate an inability to stand from a seated position or balance while standing or walking. (R. Part 3 p. 20.) This finding is consistent with Listing 11.14. 20 C.F.R. Pt. 404, Subpt. P, App. 1. Plaintiff does not appear to argue otherwise but rather claims that he fits within Listing 11.14(B) because he experiences a marked limitation in physical functioning as well as in interacting with others and adapting or managing himself. (Pl.'s Br. pp. 28–30.)

It is true that the administrative law judge's analysis appears to have focused exclusively on Listing 11.14(A). But plaintiff's references to his anxiety, outbursts, and work incidents do not lead the Court to find that the administrative law judge erred. The marked limitations of mental functioning must be attributed to the cited neurological disorder. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1; *see also R.C.G. v. Kijakazi*, Case No. 21–02100, 2022 WL 4094062, at *6 (D. Kan. Sept. 7, 2022) ("[T]o meet Listing 11.14(B), 'the mental functional problems must stem from the [plaintiff's] neurological disorder.'" (alteration in original) (citation omitted)). Plaintiff cites to mental health records and testimony related to his outburst while working at Goodwill. (Pl.'s Br. p. 29.) But this evidence pertains to separate mental health conditions—

---

persuasive in providing a history of plaintiff's functioning, but the administrative law judge noted their subjectivity. (*Id.*) In total, I am satisfied that the administrative law judge gave appropriate weight to plaintiff's testimony and the questionnaires.

specifically bipolar disorder—not peripheral neuropathy.   (R. Part 3 pp. 55–57; ECF No. 11–7 (R. Part 8) pp. 100–03.)

With respect to plaintiff's diabetes mellitus, plaintiff takes the administrative law judgement's statement that his diabetes was "without complications" in isolation and further incorrectly asserts that the administrative law judge "assum[ed] that his diabetes was reasonably controlled."   (Pl.'s Br. p. 31.)   To the contrary, the administrative law judge stated that the condition was "not controlled" and noted diabetic mononeuropathy and plaintiff's history of open wounds on his feet.   (R. Part 3 p. 24.)   These statements were supported by the record.   (R. Part 8 pp. 51–98, 234.)   The administrative law judge's reference to "type II diabetes mellitus without complication" appears to have similarly come from plaintiff's Cooper University Hospital records.   (*See id.* p. 234.)   The administrative law judge separately considered plaintiff's osteomyelitis and concluded that there was no associated limitation in mobility.   (R. Part 3 pp. 24, 25.)   This, too, was supported by citations to the record.   (*See* R. Part 8 pp. 172, 174, 177, 179, 181, 183, 185, 188; ECF No. 11–8 (R. Part 9) pp. 73, 74.)

Finally, plaintiff argues that the administrative law judge's evaluation of his obesity was conclusory and did not consider its effects when combined with his other impairments.   (Pl.'s Br. pp. 32, 33.)   He cites an example in which someone diagnosed with obesity and arthritis might experience more pain or limitation than someone with arthritis alone.   (*Id.*)   Such examples are insufficient to support remand.   *See Carter v. Comm'r Soc. Sec.*, 805 F. App'x 140, 143 (3d Cir. 2020) (finding that remand was not warranted when the plaintiff relied on SSR 02–1p to state that obesity can impair one's ability to perform work activities rather than state how obesity impacted her ability to perform work activities).

The administrative law judge expressly referenced plaintiff's obesity (R. Part 3 pp.19, 26) and the records relied upon detail plaintiff's obesity.  I am therefore satisfied that plaintiff's obesity was adequately evaluated by the administrative law judge.  *See Carter*, 805 F. App'x at 143 (noting that the Third Circuit has found that an administrative law judge indirectly considers obesity if the medical records relied upon were sufficient to alert them that obesity could factor into the severity of the impairment and finding that the administrative law judge's reference to obesity was sufficient for the court to conclude that they were alerted to the plaintiff's obesity).

### B.    The Administrative Law Judge Did Not Err at Step 5

Plaintiff further submits that the administrative law judge erred in determining his residual functional capacity.  The finding that he could frequently interact with his supervisors and occasionally interact with coworkers and the public is not supported by plaintiff's medical records and work history, which evidence his difficulty controlling his mood.  (Pl.'s Br. p.38.)   The administrative law judge failed to consider expert findings that he could only sit, stand, and walk for one hour at a time and his physician's opinion that he could—at best—work in a part-time, non-demanding environment. (*Id.* pp.40–42.)   Plaintiff had also testified regarding his many appointments with support groups and medical professionals and how he does not leave bed several days per month.  (*Id.* pp.42, 43.)   The administrative law judge's questions to the vocational expert did not accurately portray plaintiff's limitations and the jobs identified by the vocational expert are either obsolete or do not exist in sufficient number to warrant denial of benefits.  (*Id.* pp.43–45.)

The Commissioner responds that plaintiff does not acknowledge the vocational expert's testimony as to how the jobs of document preparer and

addressing clerk are performed.   (Comm'r Br. p.13.)   The administrative law judge resolved any potential conflict in the identified jobs.   (*Id.*)

Under SSR 96–8, residual functional capacity assessments must identify functional limitations or restrictions before a residual functional capacity may be expressed in terms of exertion level.   *Ronald G. v. Comm'r Soc. Sec.*, Case No. 20–15085, 2024 WL 2978310, at \*6 (D.N.J. June 13, 2024).   Function-by-function analyses are desirable but not required. *Id.* Rather, an administrative law judge must consider all relevant evidence and render a residual functional capacity finding with a clear and satisfactory explanation. *Id.*

The administrative law judge expressly considered the opinions cited by plaintiff.   The opinion of Tashika Witter Francis, MS that plaintiff is capable of doing part-time work was found unpersuasive, in part, because she is not a physician.   (R. Part 3 p.27.)   The opinion was nonetheless consistent with a finding that plaintiff is not disabled. (*Id.*)   The opinion of Juan Carlos Cornejo, DO concerning plaintiff's ability to sit, stand, and walk was found to be internally inconsistent with his conclusion that plaintiff could occasionally lift up to 50 pounds.   (*Id.*; *see also* R. Part 9 pp.79, 80.)   I am satisfied by these explanations.   *See Richard A. v. Comm'r Soc. Sec.*, Case No. 21–01871, 2022 WL 2357304, at \*5 (D.N.J. June 30, 2022) (finding that the administrative law judge adequately explained why proffered opinions were unpersuasive).

The administrative law judge further determined that the opinion of Juliana Miller, NP regarding plaintiff's cognitive abilities and anxiety were vague and unsupported by objective medical findings.   (R. Part 3 p.26.)   Her opinion regarding plaintiff's information-processing capability was found to be contradicted by plaintiff's IQ.   (*Id.*)   The examination of Wm. Dennis Coffey Psy D. was credited and found to be consistent with the determined residual functional capacity.   (*Id.* p.27.)   The administrative law judge concluded that

plaintiff's diabetes, ankle and shoulder issues, and sleep apnea could be accommodated by sedentary work and his mental impairments could be addressed by simple work with frequent supervisor interaction and occasional public interaction.   (*Id.* pp. 27, 28.)   I am satisfied that the administrative law judge supported the residual functional capacity determination with substantial evidence.   *See Sudler v. Comm'r Soc. Sec.*, 827 F. App'x 241, 244 (3d Cir. 2020) (noting that "[t]he substantial evidence threshold is not high" and courts are bound by findings supported by substantial evidence even if the court would have reached a different result).

This leaves plaintiff's final contention: that some of the jobs identified by the vocational expert are obsolete and remaining jobs exist in insufficient quantity to deny him benefits.

The Social Security Act does not set a bottom numerical threshold for what constitutes a significant number of jobs, but court have found that fewer than 10,000 nationally available jobs is not "significant."   *Imane M. v. Comm'r Soc. Sec.*, Case No. 23–04560, 2024 WL 2091333, at *3, 3 n. 4 (D.N.J. May 9, 2024) (collecting cases).

Here, the vocational expert identified the jobs of document preparer (14,156 jobs in the United States), addressing clerk, (1,976 jobs), polisher, eyeglasses (1,098 jobs), touch up screener (1,165 jobs), and film touch up inspector (1,115 jobs).   (R. Part 3 pp. 29, 29 n. 2.)   Adopting the 10,000–job bottom threshold, the sufficiency of available jobs clearly relies on the inclusion of document preparer.

But plaintiff argues that document preparer and addressing clerk are obsolete.   (Pl.'s Br. p. 44.)   The jobs remaining are thus in insufficient quantity to deny benefits.   (*Id.* pp. 44, 45.)   Indeed, the status of document preparer and addressing clerk has been called into question within this Circuit.   *See Tiffany A. v. O'Malley*, Case No. 23–03643, 2024 WL 3237598, at *3 (E.D. Pa. June 28,

2024) (stating that—on remand and if deemed necessary—the administrative law judge should address concerns that document preparer and addressing clerk had become obsolete).

Plaintiff cites SSR 24–3p and EM 24027 in support of his position.   (ECF No p. 44.)   Both postdate the final decision here.   EM 24027, which expressly identifies the jobs of document preparer and addressing clerk, is directly on point.   It states that an adjudicator may not cite specific occupations—including document preparer and addressing clerk—in support of a finding of "not disabled" without additional evidence supporting the conclusion that the occupation as currently performed 1) is consistent with the individual's residual functional capacity and 2) exists in the national economy in significant number. Emergency           Message,         Soc.          Sec.          Admin., https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM      (last visited May 17, 2026).

Here, the administrative law judge submitted interrogatories to the vocational expert approximately seven months after the May 10, 2023 hearing. (ECF No. 11–6 pp. 109–12.)   The interrogatories asked for any differences in how the jobs of document preparer, addressing clerk, and polisher, eyeglasses are performed given modern technology; whether these differences affect the number of jobs available; and whether additional jobs fit within the hypothetical person of plaintiff's age, education, experience, and limitations as identified during the hearing.   (*Id.* pp. 110, 111.)

The vocational expert responded that the job of document preparer now includes preparing documents for digitizing and scanning, the difference in tasks does not change the nature of the work, and the current number of document preparer jobs has decreased to 14,156.   (*Id.* p. 116.)   The job of addressing clerk now includes use of a computer or keyboard, the change does not substantially alter the associated tasks, and the number of jobs decreased

to 1,976.    (*Id.*)    Finally, the vocational expert identified the jobs of touch up screener and film touch up inspector as those fitting the administrative law judge's hypothetical.    (*Id.*)    These responses were incorporated into the administrative law judge's decision.    (R. Part 3 pp. 29, 29 n. 2.)

I am thus satisfied that the administrative law judge did what was required by EM 24027.    In light of these efforts and the deferential standard of review, I conclude that the final decision was supported by substantial evidence.    *See, e.g., Tarik F. v. Comm'r Soc. Sec.*, Case 24–10032, 2026 WL 381801, at *10 (S.D.N.Y. Feb. 11, 2026) (finding that the administrative law judge properly confirmed technological changes and the existence of positions with the vocational expert); *Fitzpatrick v. Comm'r Soc. Sec.*, Case No. 25–00082, 2025 WL 3267998, at *6 (M.D. Fla. Nov. 24, 2025) (concluding that the administrative law judge's finding that the plaintiff could work as a document preparer was supported by substantial evidence); *Royal C. H. v. Dudek*, Case No. 24–02413, 2025 WL 1248306, at *5 (D. Kan. Apr. 29, 2025) (noting that the vocational expert testified to the modernization of the document preparer position and that the number of jobs testified to was current).

## IV.    CONCLUSION

For the reasons stated above, the Commissioner's decision will be **AFFIRMED**.    An appropriate order accompanies this opinion.

                    */s/ Edward S. Kiel*
                    **EDWARD S. KIEL**
                    **UNITED STATES DISTRICT JUDGE**

Dated:  May 19, 2026